## Weir et al. *v.* Plymouth Borough, Appellant.

*Municipal corporation—Changing course of surface water—Liability.*

A municipal corporation is liable for changing, by the digging of ditches for that purpose, the natural course of the water collecting on its streets, and thereby throwing it on to the land of a private owner.

*Evidence—Res gestœ—Declarations of street commissioner.*

The declarations of a street commissioner, while acting within the scope of his authority in the doing of such work, are evidence as part of the res gestœ.

*Consent of intermediate owner.*

That the owner of the land upon which the water is directly thrown consents thereto, does not constitute a defence, if the water necessarily finds its way to the property of plaintiff and causes an injury thereto.

*Measure of damages.*

The measure of damages in such a case is the loss in value of the property consequent upon the injury to trees or other property destroyed by the water, and the deprivation of the use of the property during the time it was flooded in consequence of the borough's unauthorized act; and, if the flooding was continued so that it became necessary to fill in the ground to keep the water out, the cost of filling could be taken into consideration by the jury.

*Sole cause of injury.*

In such a case, it would be error to instruct the jury that in the absence of clear proof that water running from the street upon plaintiffs' lot was the sole cause of the injury, plaintiffs are not entitled to recover.

Argued April, 11, 1892.   Appeal, No. 80, July. T., 1891, by defendant, from judgment of C. P. Luzerne Co., Oct. T. 1887, No. 962, on verdict for plaintiffs, William Weir and Mary C. Weir.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Trespass for injury to plaintiffs' land.

The evidence, on the trial before RICE, P. J., was to the effect that the plaintiffs owned a lot fronting on the main street in the borough of Plymouth, alongside of which was an alley; and that the street commissioner of the defendant, in 1886, by the digging of two ditches for the purpose, caused the surface water to flow mediately on to the lot of plaintiffs; the digging of one of the ditches was denied.   For the damages caused by the water, this suit was brought.

The court charged the jury among other things as follows:

" The plaintiffs allege that the street commissioner cut a passage for the water to flow down the alley. This is denied by him, and of course the question of fact is to be determined by you in accordance with the weight of the credible testimony in the cause. He admits, however, that he did open a passage for it to flow upon the land of the Lehigh & Wilkes-Barre Coal Company, and the plaintiffs assert that it was carried upon their land, in heavy storms, between the months of July and December. It is argued that if this was done with the consent of the Lehigh & Wilkes-Barre Coal Company, the borough would not be liable to the plaintiffs. We are unable to assent to this proposition. If the natural and inevitable consequence was to carry the water upon the plaintiffs' land, we do not think the assent of the intermediate owner of land would relieve the borough from liability." [3]

" It is claimed also that the plaintiffs suffered damage because they were compelled to fill their lot. Now upon this question we say to you that if the flooding was continued, it would be proper for the jury to take into consideration the cost of filling, if that became necessary in order to keep the water from coming upon their land. But if the flooding was only temporary, if in December it was discontinued, and the level of their lot was then left as it was before, the plaintiffs would not be justly entitled to recover the cost of subsequently filling the lot. The measure of damages in that case would be the loss in value of the property consequent upon the destruction of the trees or other property, in case you should find that they were destroyed by this water, and the deprivation of the use of the property during the time it was flooded in consequence of the borough's unauthorized act." [4]

The fifth point of defendant, refused, was as follows : " In the absence of clear proof that water running from the street upon plaintiffs' lot was the sole cause of the injury, plaintiffs are not entitled to recover.

*Errors assigned* were (1) the admission of the declarations of the street commissioner stated in the opinion of the Supreme Court ; (2) rejection of the evidence of George R. Connor as stated in the opinion of the Supreme Court ; (3, 4) the portions of the charge as above, quoting them ; (5) answering in the negative defendant's fifth point as above, quoting it.

*J. Q. Creveling* and *William S. McLean*, for appellant.

*H. W. Palmer*, *W. H. McCartney* with him, for appellees.

PER CURIAM, April 25, 1892:

None of the specifications of error is sustained. The declarations of Jacob Castner, the street commissioner, made while engaged in doing the work, were a part of the res gestæ. It was not denied that he was acting as street commissioner, and within the scope of his authority. In any event, the testimony proved that he was so acting. He was engaged at the time the declarations were made in working on the borough streets, doing the very thing, it is alleged, that caused the injury. The learned court submitted to the jury the question, whether he was acting within the general scope of his employment as a street commissioner. The jury having found that fact against the borough, there is no more to be said upon this branch of the case.

Nor do we think it was error to reject the testimony of George R. Conner, offered by the defendant to show that the gutter made by Castner, the street commissioner, emptied on and was dug on private property of the Lehigh and Wilkes-Barre Co., and that permission to do this had been obtained by their agent. If the water thus thrown upon the property of this company, necessarily found its way to the property of the plaintiffs and thereby caused an injury thereto, the borough would be responsible.

The remaining specifications refer to the charge of the court. In this we find no error.

Judgment affirmed.