## Robino *v.* North Sewickley Township, Appellant.

*Waters—Townships—Boroughs—Parties—Right of action.*

Where the authorities of a township divert the natural flow of waters, and cast them onto a street of an adjoining borough, and the waters thus diverted injure the property of a lot owner in the borough, the latter has no right of action against the township for the injuries sustained. In such a case if the borough receives the water, it becomes its duty thereafter to dispose of it in such a manner that it will not injure properties in the borough.

Argued May 9, 1911. Appeal, No. 179, April T., 1911, by defendant, from judgment of C. P. Beaver Co., Sept. Term, 1907, No. 399, on verdict for plaintiff in case of Joseph Robino v. North Sewickley Township. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for injury to property caused by the diversion of waters.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[If you find that the township authorities did change the natural course of the water, and that by reason of that change, the plaintiff sustained damages because of the overflow of water on his property, by bringing water there that would not naturally have gone in that course, then the plaintiff would be entitled to recover such damages as he sustained as the result of that change in the flowage of the water.] [1]

Verdict and judgment for plaintiff for $35.00. Defendant appealed.

*Error assigned* was portion of charge quoted above.

*J. F. Reed,* for appellant.—This case is controlled by that of the West Bellevue Boro. v. Huddleston, 23 W. N. C. 240.

*A. P. Marshall,* for appellee, cited: Gates v. Penna. R. R. Co., 150 Pa. 50.

OPINION BY HEAD, J., October 9, 1911:

The plaintiff is the owner of a lot in a plan of lots laid out by the Ellwood Lumber Company. This plan, or so much of it as is exhibited by the draft attached to the paper-book, as it stretches from north to south is so cut by the county line dividing the counties of Lawrence and Beaver, that about two-thirds of the lots shown are in the former county, the remainder of them in the latter. The land rises with some rapidity from north to south so that the portion of the plan in Beaver county, as well as the adjacent land further south, is higher than the portion of the plan in Lawrence county. The local municipality in Beaver county, the northern line of which is the county line aforesaid, is the township of North Sewickley, the defendant. Upon that township devolved the legal duty of maintaining the roads and highways within its territory, and as an incident to this of taking care of, in the manner provided by law, the waters necessary to be kept from the roads to secure their efficiency. The portion of the plan of lots already referred to situate in Lawrence county was duly incorporated as the borough of Ellwood. The plaintiff's lot fronted north on Franklin avenue and adjoined on the west an open way or alley called Thorn way which extended southward from Franklin avenue not only to the borough and county line, but continuously through the adjoining township to the southern line of the plan. The plaintiff's lot was improved with a two-story frame building, used and occupied by him as a grocery store and dwelling. This property was injured by water flowing down through Thorn way, and it is the gravamen of his complaint that the

water which did the injury was unlawfully accumulated by the officers of the defendant township and by them diverted from its ancient and natural course into Thorn way aforesaid, and thus upon his property.

As the case was submitted by the learned trial judge to the jury, their verdict must be regarded as having established the facts just stated, to wit, that the defendant's servants did interfere with the natural flow of the waters, did divert them from their ancient channel, did gather them together and turn them into Thorn way, and did thus subject the property of the plaintiff to injury from water which would not, but for the acts aforesaid, have reached it.

These facts being established, the plaintiff contends that the liability of the defendant follows upon the principle of a line of cases, among which may be mentioned Torrey v. Scranton, 133 Pa. 173; Weir v. Plymouth Borough, 148 Pa. 566; Bohan v. Avoca Borough, 154 Pa. 404; Matlack v. Callahan, 25 Pa. Superior Ct. 454. He further contends that even if the borough of Ellwood, in which his property is located, would also be liable in an action by him, his remedy is not confined to such action but that he may maintain this suit against the present defendant as the primary wrongdoer and the party ultimately responsible, following the doctrine declared in Weir v. Plymouth Borough, 148 Pa. 566, and Gates v. Pennsylvania Railroad Co., 150 Pa. 50.

The defendant's position is that the plaintiff has shown no cause of action against it; that it has turned no water upon his property; that the evidence shows that the waters which it gathered it discharged, not upon the plaintiff's property, but upon a street or alley of another municipality; that the latter, having received the water without objection, it became its duty to thereafter dispose of it in such manner that it would not injure the property of the plaintiff; that if the latter has suffered any injury, it is due to the failure of the borough to perform its duty and his only remedy is against it; and, it is

argued, the correctness of this position is decisively ruled in West Bellevue Boro. v. Huddleston, 23 W. N. C. 240.

A careful examination of that case discloses no material facts different from those presented by this record which would enable us to say that the judgment of the court could be accounted for otherwise than by accepting the legal conclusion here urged by the defendant. The physical conditions in both cases are identical. The borough in that case occupied the higher ground, as the township does here, and first gathered together the waters, discharging them at the borough line upon one of the public roads of the township. After having been conducted or permitted to flow along that road for a considerable distance they reached the property of the plaintiff and did the injury complained of. She brought an action against both the township and the borough and on the trial recovered a judgment against both. On the first appeal to the Supreme Court, 111 Pa. 110, the judgment was reversed with a venire on account of certain trial errors. At the conclusion of the opinion of Mr. Justice PAXSON, this significant language is found: "In the case in hand the borough of Bellevue collects its water and carries it along the road until it reaches the line between the borough and the township. There the borough discharges it upon the highway of Killbuck. If the latter receives it without objection, then the township becomes responsible for its further flow. I am unable to see how the borough can be held liable to the plaintiff for water poured, not upon her land, but upon Killbuck township. But as this point was not raised it will not now be decided."

Upon the second trial the plaintiff again recovered a judgment against both township and borough, the learned trial court having refused a point craving binding instructions in favor of the borough. Upon the second appeal, 23 W. N. C. 240, the Supreme Court reversed the judgment as to the borough without a venire but affirmed the judgment against the township. The opinion of Mr. Justice PAXSON, concurred in by the entire

court, leaves but little room for the contention that the judgment of the court rested on other grounds than those now covered by the position of the present appellant. We quote from it as follows: "There was nothing in the case to show any liability on the part of the borough of West Bellevue. The most that can be claimed is that the borough throws the water, collected at times by rains and freshets, upon the township of Killbuck. The township might, perhaps, complain of this, but it does not. The plaintiff below has no right to complain because the borough does not throw any water upon her land. The township having, for anything that appears in this case, accepted the burden of the water from the borough, is in duty bound to take care of it, and do all that the law requires to prevent unnecessary injury to the rights of property owners."

If we are in good faith to obey the command of the act of June 24, 1895, P. L. 212, creating this court which declares, "upon any question whatever before the said court, the decision of the Supreme Court shall be received and followed as of binding authority," there would seem to remain nothing for us to do but accept the decision just cited as of controlling authority here.

Judgment reversed.