# Mitchell, Appellant, *v.* City of New Castle.

*Appeals—Judgment n. o. v.—Evidence—Inferences.*

1. In considering whether a judgment was properly entered non obstante veredicto, all the evidence and inferences therefrom, favorable to the party obtaining the verdict, must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected.

*Municipalities—Acts of officers—Diversion of waters—Sewers—Negligence—Proximate cause—Maxim.*

2. A municipality may be held liable for an injury resulting from the acts of one of its officers, within the general line of his duty, even though performed outside of the municipal limits, if what was done was for its benefit, and if, after the city authorities knew of it, they did not object to it.

3. Every public body is liable for a resulting injury, caused by diverting rain water from its natural channel and casting it upon private property.

4. If, however, it only casts the rain water upon the highway of a second municipality, which receives it without objection, the first will not be held liable for such resulting injury.

5. This rule, however, has no applicability where the second municipality does not receive the water without objection, but on the contrary steadily objects to its diversion from its natural channel.

6. Where the breaking down or stopping up of a sewer is caused by improperly surcharging it with rain water, this will be held to be the proximate cause of any injury resulting therefrom.

*Practice C. P.—Submission of particular question—Estoppel.*

7. Where, at the request of one of the parties to a litigation, a particular question is submitted to the jury, he cannot afterwards be heard to complain because it was error to submit it.

Argued October 4, 1922. Appeal, No. 205, Oct. T., 1922, by plaintiff, from judgment of C. P. Lawrence Co., June T., 1918, No. 86, for defendant n. o. v., in case of James F. Mitchell v. City of New Castle. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for injuries to real and personal property. Before PRATHER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment n. o. v., quoting record.

*Harry K. Gregory,* with him *Thomas W. Dickey,* for appellant.—It was for the jury to say whether or not the township consented, for there certainly was evidence that it did not consent: P. & R. C. & I. Co. v. Schmidt, 254 Pa. 351; Rothwell v. Boro., 21 Pa. Superior Ct. 234.

Judgment should not have been entered n. o. v.: Vandevort v. Steel & Iron Co., 194 Pa. 118; Hill v. Trust Co., 108 Pa. 1; Bellman v. Ry., 31 Pa. Superior Ct. 389; Am. Mfg. Co. v. Morgan Smith Co., 33 Pa. Superior Ct.

469; Baker v. Gas Co., 157 Pa. 593; Dalmas v. Kemble, 215 Pa. 410; Page v. Moore, 235 Pa. 161.

Appellee had notice that Union Township would not agree to the diversion of the water. This was by the digging out of the stone slab obstruction, and also by subsequent conferences. The notice was actual as well as constructive: McCray v. Clark, 82 Pa. 457; Billington v. Welsh, 5 Binn. 129; Sergeant v. Ingersoll, 15 Pa. 343.

*James A. Gardner,* with him *Robert M. White,* for appellee.—If the act done is wholly outside the powers conferred by law, the city is not liable whether it directed it, or it was done by its officers, for it is ultra vires: Betham v. Phila., 196 Pa. 302.

If the wrongful act is outside the scope of the officer's duty, and is not ratified by the municipality, the city is not liable: Alcorn v. Phila., 44 Pa. 348.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

Plaintiff sued defendant to recover damages for injury to his real and personal property, caused, as he alleges, by the defendant municipality unlawfully flooding his store with rain water. The verdict was for plaintiff, who appeals from a judgment entered for defendant non obstante veredicto. Under such circumstances "all the evidence and inferences therefrom favorable to plaintiff must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected": Fuller v. Stewart Coal Co., 268 Pa. 328; Keck v. Pittsburgh, etc., Ry. Co., 271 Pa. 479. In this light we shall state the evidence.

Plaintiff was the owner of a property situated at the northwest corner of Borough Line and Bluff Streets in the defendant city. The division line between the city and Union Township was in Borough Line Street, the whole of which, because of a working agreement between them, the township agreed to keep in repair from Bluff Street to Smithfield Street, which included the part in

front of plaintiff's property. Opposite Smithfield Street is an unnamed public road of the township, the natural drainage of which was across Borough Line Street into and along Smithfield Street, within the city limits. Evidently for the purpose of enabling it to escape the duty of properly caring for this water, the street commissioner of the city placed an obstruction on the township side of Borough Line Street at its intersection with the public road. It is admitted the effect of this was to divert the water, which formerly ran down Smithfield Street, to Borough Line Street, on which, if the rainfall was not too heavy, it flowed past the front of plaintiff's property into a sewer leading to a ravine, still further to the east. The pathmaster for the road supervisors of the township removed the obstruction, causing the water to again follow its natural course down Smithfield Street; whereupon the street commissioner of the city replaced it, and threatened to have the pathmaster arrested if he tore it out again.

Plaintiff thereupon called the attention of the mayor and council of the city to the fact that the obstruction caused an excessive amount of water to run down Borough Line Street, and part of it into his property. They visited the locality on several occasions, saw the obstruction and its effect, and entered into negotiations with the supervisors of the township, in order, if possible, to reach an amicable settlement of the difficulty. The city authorities suggested that a sewer be built at joint expense, but "the supervisors refused to have anything to do with it, claiming that the water never came that way [naturally] and that it was the city's place to take care of it." From this position they never receded; and, before anything was agreed upon, a large quantity of rain water, which normally would have passed down Smithfield Street, traveled along Borough Line Street into and upon plaintiff's property, causing the damage for which this suit was brought.

The court below, in its opinion on the motion for judgment for defendant non obstante veredicto, properly decided that there was ample evidence from which the jury could find, as it did, that the city authorities in legal effect ratified the act of the street commissioner; but it also held that, as the township supervisors likewise knew of the obstruction and did not cause its removal, it must be concluded, as a matter of law, they consented to the diversion of the water into Borough Line Street and hence, because of the rule laid down in Huddleston v. Borough of West Bellevue, 111 Pa. 110; Borough of West Bellevue v. Huddleston, 23 W. N. C. 240, and Robino v. North Sewickley Township, 48 Pa. Superior Ct. 68, the liability, if any, was that of the township and not of the city.

In this we think there was error; the cases cited distinctly state that the liability of the second municipality arises only when it "receives [the water] without objection." Admittedly, every public body is liable for the resulting injury, if any, whenever it diverts rain water from its natural channel and casts it upon private property: Torrey v. City of Scranton, 133 Pa. 173. It is not denied that, but for the act of the street commissioner, plaintiff's property would have escaped being flooded; and hence, the city being responsible for the continuance of the obstruction, she must be held liable unless it is shown the diversion was with the consent, express or implied, of the township authorities. This, however, under the facts stated, was a question for the jury. It is certain the supervisors never expressly consented to the diversion, on the contrary they steadily objected to it; and this excludes also the finding, as a matter of law, that they impliedly consented, for it is a contradiction in terms to say that by implication one necessarily agrees to that which he expressly refuses to agree to. The maxim expressum facit cessare tacitum, though usually applied in the construction of written instruments, is appropriate also to such a situation.

Appellee urges, in addition, that the proximate cause of the injury was the breaking or stopping up of the sewer, which was built to carry off the water naturally running down Borough Line Street in front of and past plaintiff's property. The court below, at appellee's request, left to the jury, for its determination, the question as to whether or not "the injury sustained by plaintiff was caused by the breaking down or stopping up of the sewer," and this they found against the city; which cannot, since this course was taken at her request, be heard to complain here of its submission to that tribunal. Moreover, even if the breaking or stopping up of the sewer, would ordinarily be held to be the proximate cause of such an injury, the city's liability would not necessarily be determined by solving only the question as to whether or not it did break down or stop up, for if this was due to its being improperly overloaded with rain water, then the proximate cause of the injury was the unlawful surcharge, and the city, if it caused this, would be liable for any resulting damages.

The judgment of the court below is reversed, and the record is remitted with directions to enter judgment for plaintiff on the verdict.