94 P.2d 99

ROBINSON v. MITTRY BROS. et al.
No. 4405.

Supreme Court of New Mexico.
Aug. 2, 1939.

Rehearing Denied Sept. 21, 1939.

W. C. Whatley, of Las Cruces, for appellants.

Kiker & Sanchez and Anthony J. Albert, all of Santa Fe, and J. C. Gilbert, of Hot Springs, for appellee.

BRICE, Justice.

The appellee filed a claim under the New Mexico Workmen's Compensation Act, Comp.St.1929, § 156-101 et seq., alleging in substance that he was employed by the appellant, Mittry Brothers (hereinafter called appellant); that he was injured in the course of his employment and that appellant refused to pay compensation except in a small amount alleged. That "such injury has caused the ligaments in each side

of said claimant to be torn loose, causing claimant to suffer great pain and has caused a total and permanent disability on the part of the claimant, and is now, and ever since the date the same was suffered, total, in that claimant has been unable to resume his regular employment." The appellant, Hartford Accident & Indemnity Company (hereinafter called the insurer) is admitted to be the insurer of appellant and is liable for statutory damages if appellant is so liable.

The appellants answered, admitting the appellee's employment and further,

"That they deny that plaintiff was injured in the manner and to the extent set forth in his claim; and on information and belief allege the fact to be that the plaintiff has an old injury received before he ever went to work for the defendant Mittry Brothers, and that his disability, if any, resulted from said old injury, and not from any injury received while he was in defendant Mittry Brothers employ.

"That they admit that defendant Hartford Accident and Indemnity Company paid to the plaintiff the sum of $67.50, but they deny that said indemnity company failed and refused to make any further or additional payments and deny that it became and was necessary for plaintiff to employ counsel to prosecute any claim he had."

The case was tried to a jury, resulting in the following verdict: "We the jury find the issues in favor of the plaintiff and assess his compensation at $16.80 per week from August 23rd, 1937 to December 23rd 1942, or two hundred seventy five weeks from August 23, 1937."

At the outset, the defense that the condition of appellee was caused in whole or in part by disability resulting from an old injury, and not from any injury received while in the employ of the appellant, may be disposed of. We have carefully examined the testimony regarding the old injury and find no substantial pertinent testimony sustaining this defense. The testimony of appellants' witness clearly establishes the facts to be otherwise. He stated that the two injuries were not in the same location in appellee's back, and that appellee could not have performed the heavy physical labor he had been engaged in for some months, if he had not fully recovered from the injury suffered in 1935.

The appellants have entirely ignored Sec. 14 (5) of Supreme Court Rule XV, which required them to present points, or legal propositions as a basis for their arguments. The argument is in three divisions, none of which is preceded by a point or proposition of law as a basis for its support. In the first division are copied an assigned error based upon the trial court's refusal to sustain a motion for judgment, wherein it is charged that there was not substantial evidence to support the verdict of the jury; another upon a motion for judgment non obstante veredicto, in which it is charged that there is a variance between the special findings of the jury and the general verdict; and four others, based upon the failure of the court to give to the

jury four requested instructions upon the subjects of the preponderance of evidence and burden of proof; all followed by an argument principally upon the point (not made) that there was no substantial evidence to support the verdict of the jury. It is true that more than one error assigned may be presented under one point; but only in case they are all germane to it, and a decision of the question presented will dispose of all of them. Not less than three distinct points or propositions of law, with appropriate argument under each, are required by the rule to properly present these six assigned errors for review.

█ What we have here is one continuous argument without a point or legal proposition as a basis, largely to the effect that there is no substantial evidence to support the verdict of the jury. For the convenience of this court and opposing counsel, the rule requiring the presentation of points or propositions of law as a basis for argument, should not be ignored. Indianapolis & Cincinnati Traction Co. v. Senour, 71 Ind.App. 10, 122 N.E. 772; Cretchen v. Winona R. Co., 209 Ind. 414, 199 N.E. 241; Loving v. Atlantic Southern R. Co., 184 Iowa 435, 168 N.W. 910; Cornner v. Hamilton, 62 Mont. 239, 204 P. 489; Stephan v. Stephan, Mo.App., 242 S.W. 424, 425.

In deference to appellants' very able argument we will supply points not waived.

█ The following is the substance of the material testimony:

The appellee Robinson testified that while driving a truck loaded with dirt, up a hill, it slipped out of gear and started to roll back; that he pushed with all of his strength upon the brake, trying to stop the car but could not do so, which resulted in the injury hereafter stated. The car was caught before going to the bottom of the hill, by a bulldozer, which pushed it to the top. He described his injury in substantially the following words: "It felt like something grinding into bits and just like getting a fat piece of meat into your hand and squashing it. By staying in a sitting position and well braced, I was able to go ahead and make the shift." He stated that he was badly hurt and asked to be taken in the cab of a pickup that was going to town; and, "I had to sit in this position (holding his sides by his hands) all the way to town because I hurt a lot when sitting down." He went to bed and called a doctor next morning, who bandaged him and gave him some tablets. The second day he went to Dr. Leslie's hospital, where he remained twenty-six days. He had not been able to do any work since his injury (six months) except to wait on a few customers at his wife's store. He was asked: "In what way do you suffer now, if any?" And answered: "Well, Sir, my back just hurts all over on both sides, not just a little bit either. It hurts very bad at all times when I ride a little way. When I get out and walk three or four blocks it hurts."

Dr. Frank Leslie testified that he examined the appellee after his injury and found him suffering a great deal of pain in the lower part of his back, with spastic condition of all muscles of the back. He was

unable to turn over or get about by himself. He was discharged from the hospital as relieved, on September 13, 1937.

. "Now, Doctor, in your opinion and from what you know of this man and his condition, would you say now that he is totally and permanently disabled and unable to continue the work that he was doing at that time?" A. "Yes, Sir."

"Do you say that he has been able to do that work at any time since he was hurt?" A. "No, he could do work sitting down; and light work, but not heavy work like driving a truck. He was permanently disabled from doing it."

Dr. H. J. Maloney testified that he had examined the appellee's back; that he had a severe muscular strain in the lower region (indicating a space around the region of the kidneys) resulting from a severe strain. He did not believe that he would ever be able to return to his former occupation, although he could do work that did not require much physical effort. That the injury was affecting his body elsewhere, the nature of which was hard to tell; that he would not be positive in his diagnosis as he was not equipped for it. "He would have to have a stereoscopic examination from the X-ray. The conditions indicate other trouble besides the muscular strain. There is something else involved." He was of the opinion that appellee would never be able to do the character of work he had been doing. Other witnesses testified regarding appellee's injury, about which

there could be, and is, no question except as to its nature and extent.

The appellant had the appellee examined by Dr. Frank Goodwin, a physician and surgeon, who stated that appellee was a sick man; that he was unable to determine whether or not he was totally and permanently disabled. He did not believe that the ligaments of his back were torn or injured, but he did not know the nature of the injury. He further stated: "I don't believe it was possible for him to have had the injuries he claimed to the ligaments in his back. I don't believe that his musculatures were strong enough to tear the ligaments. Since I first saw him I have stated there was something wrong with him but I don't know what it is. His having gone to work, his weight, etc., indicates that he had recovered from his first injury. His first injury. was between and just below his shoulders and not below the small of the back." On a hypothetical question, the doctor gave it as his opinion that the trouble was "due to an abnormal fifth lumbar vertebra and the spinal dorsal—the last backbone in the spine. They are absolutely not due to tearing of ligaments of the spine. It requires a tremendous force to tear a ligament of the spine and consequently I would suggest that what this man is complaining of would be to a slip of this vertebra instead of a tear of the ligaments." And, "I believe that this man should be thoroughly studied by several different specialists to determine what his present condition is. In all prob-

ability we will find some constitutional disease in this individual. From my examination, I am led to believe that he probably has some kidney disorder. It would take from one to three weeks at an estimated cost of $150 to give him the examination I think he should have."

There is no very definite testimony regarding the nature and extent of appellee's injury; but two physicians who examined him stated that it was their opinion he would never be able to perform heavy labor, such as had been his occupation in the past. The effect of Dr. Goodwin's testimony is that he was unable to determine the extent or the nature of his injury, that his kidneys might be involved, but in his opinion it was a slip of the fifth lumbar vertebra. That he should have been placed under the observation of several specialists for from one to three weeks.

The appellee offered himself for examination and appellant had every opportunity to have specialists examine him if they desired to go to the necessary expense, which Dr. Goodwin stated would be approximately $150. But they were content to have a superficial examination made, that resulted in no definite and positive diagnosis.

The opinions of Drs. Leslie and Maloney, together with the appellee's physical condition six months after his injury, are substantial evidence that supports the verdict of the jury.

Appellants argue the weight of the testimony, and particularly that of the witness Dr. Goodwin, but we are not permitted to weigh the testimony, nor to consider that part of Dr. Goodwin's testimony unfavorable to the appellee's case.

We stated in Telman v. Galles, 41 N.M. 56, 63 P.2d 1049, 1050: "* * * in making his motion to dismiss, appellant rested his case on the question of law, viz., considering only plaintiff's testimony together with all reasonable inferences that could be deduced therefrom, in a light most favorable to the plaintiff, had a case been made that would support a decree?"

The rule was stated by the Supreme Court of Pennsylvania in Mitchell v. City of New Castle, 275 Pa. 426, 119 A. 485, 486, as follows: "* * * The verdict was for plaintiff, who appeals from a judgment entered for defendant non obstante veredicto. Under such circumstances 'all the evidence and inferences therefrom favorable to plaintiff must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected.' "

We find substantial support in the testimony for the verdict of the jury.

It is urged that the trial court erred in refusing to give to the jury the following instructions: "As in other civil cases generally, the burden of proof is on the compensation claimant to prove his case in all of its parts by a preponderance of the evidence and to your satisfaction. By this is meant that the claimant should prove that in the course of his employment by Mittry Brothers he was accidentally injured and that this injury was received while he was engaged in doing what he was em-

ployed to do; that such injury resulted in his disability, either partially or wholly and temporarily or permanently, and he should satisfy you by a preponderance of the evidence the extent to which he was and is disabled, and the duration thereof."

It is admitted by appellee that this instruction correctly states the law, but he insists that the court sufficiently advised the jury on the subject, and that the giving of this instruction would be duplication.

The instructions given on the subject are certainly indefinite, and are not by any means to be taken as models. The court instructed the jury that "the party upon whom it devolves to establish any proposition, must establish that proposition by a preponderance of the evidence". No specific application of this rule was made to the material allegations of the complaint or to appellants' special defense; but in a special instruction requested by appellee the jury was told "that if plaintiff has proven to your satisfaction and *by a preponderance* of the evidence that * * (here follows a statement of facts which appellee was required to prove to establish his case); then the verdict should be for the plaintiff."

The requested instruction, or its equivalent, should have been given, but we are satisfied the jury understood from the instructions given that the burden was upon appellee to establish the facts material to a recovery by a preponderance of the evidence.

Requested instructions numbers 2 and 4 are in effect duplications of number 1, and need not be considered.

Requested instruction number 6 is based upon the assumption that there was substantial testimony to prove that appellee's disability "might have resulted from a previous injury," and we find no substantial evidence to support such assumption. The instruction however, is fatally defective in other particulars. The trial court did not err in refusing to give it to the jury.

We do not find that appellants have presented their assigned error based upon the overruling of their motion for judgment non obstante veredicto, except to copy it in the first division of their argument. When not supported by citation of authority, point or argument, errors assigned will not be considered on appeal. Smith v. Steen, 20 N.M. 436, 150 P. 927.

It is asserted by appellants and conceded by appellee that the court erred in giving to the jury the following instruction: "You are instructed that if you believe from the evidence in this case that the plaintiff is entitled to recover, in estimating the amount of compensation plaintiff is entitled to, if any, you may take into consideration the disabling effect of the injury or injuries, past and prospective loss of time, loss of profits, doctor and medical bills reasonably incurred, the incapacity to do profitable labor as before the injury."

The only question is whether it was possible for this instruction to have harmed

the appellant, and after a careful consideration we have concluded that it does not. It is admitted by appellant that the plaintiff was in its employ and the allegation in the complaint that his average weekly wage was $28 is not denied. The law fixes the compensation, based upon the average weekly wage.

The general verdict of the jury was as follows: "We the jury find the issues in favor of the plaintiff and assess his compensation at $16.80 per week from August 23, 1937 to December 23, 1942, or two hundred seventy-five weeks from August 23, 1937."

This general verdict of the jury was ignored and the judgment based upon the following special findings:

"Q. If you find that claimant was injured during the course of his employment for Mittry Brothers, please state what injury he received, and describe it with sufficient definiteness as may apprise the court and the parties what you find. A. According to evidence the ligaments were torn loose on both sides of claimant's back.

"Q. What was, and is the effect, if any, of this injury upon the claimant? A. A total disability for eight weeks after August 16th, 1937 and thereafter fifty percent (50%) permanent disability.

"Q. If you find that claimant was injured, to what extent if any, was he able thereafter to do work of any kind? A. Very light work, such as a store clerk professional man would do.

"Q. If you find that he was thereafter able to do light work, to what extent, if any, has his earnings diminished? A. His earning capacity has practically disappeared.

"Q. For what period of time has he been able to do light work of any kind? A. For the past two or three months."

As the instruction objected to had no reference to any matter submitted under these special findings it is our judgment that the error of the court was harmless. The court found that the appellee was entitled to receive $16.80 per week from August 16, 1937, to October 11, 1937, for total disability, and $8.40 per week for five hundred forty weeks from October 11, 1937, for fifty percent disability. It was not possible, as we believe, under the circumstances, for the erroneous instruction to have affected the verdict of the jury. The matters mentioned could not have been taken into consideration in determining whether the appellee was disabled and the extent of his disability.

It is asserted that the trial court erred in giving to the jury the following instruction: "If you find that the plaintiff was an employee of Mittry Brothers, a corporation, one of the defendants, on August 16th, 1937, and while engaged in the ordinary duties of his employment suffered an injury which caused the ligaments on each side of his body which were torn loose, and which was the immediate cause of his disability such injury must be considered by you as one sustained in the

course of his employment, and the plaintiff is entitled to the benefits of the Compensation Law even though prior to, and at the time he was suffering from a spine ailment which probably would have caused his disability in the future."

The objection to this instruction is that it advises the jury "that they may not consider the fact that any disability resulting to the plaintiff was due to a previous existing weakness or injured condition."

We do not so construe the instruction. It advises the jury that if the injury suffered was the immediate cause of appellee's disability, that he was entitled to the benefits of the compensation law, notwithstanding he was suffering from some other ailment at the time. Surely he was entitled to the *benefits of the act* under the assumed state of facts, even though appellants are correct in their contention that the benefits should be proportionately less if an old injury contributed to the disability.

But it is not assumed in the instruction that the old injury did contribute to the injury; only that he was at the time suffering from it. In any event the objection is not well taken, because there is no substantial evidence from which it could be reasonably inferred that the old injury had anything to do with appellee's disability.

It is asserted that the trial court erred in submitting to the jury the following question: "Was it necessary for plaintiff to employ an attorney to represent him in this matter, and to file this action in order to obtain and have an adjudication of his rights? This question should be answered 'yes' or 'no.'" The question was not submitted to the jury by special interrogatory and was not answered.

The matter of attorney's fees is a question for the court to determine and not the jury. But we are unable to see how the question could have harmed appellants even if it had been answered, but under the circumstances surely no harm was done. It is asserted that appellee's claim for attorney's fees in the prosecution of this appeal should be denied because, it is claimed, that the allowance for fees for the district court trial was excessive. No question was raised in the district court, and therefore could not be raised in this court, regarding the reasonableness of the attorney's fees allowed for the district court trial; and presumptively the amount was acquiesced in by appellant. We are concerned here only with the allowance of reasonable fees for the prosecution of this appeal, which we find to be $250.

The cause is affirmed with costs and attorney's fees in the amount stated.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.