208 P.2d 473

## PARNELL v. BREECE.

No. 5180.

Supreme Court of New Mexico.

June 22, 1949.

Rehearing Denied Aug. 24, 1949.

Frazier, Quantius & Cusack, Roswell, for appellant.

T. T. Sanders, Jr., Roswell, Sim B. Christy, Roswell, for appellee.

BRICE, Chief Justice.

This action was brought by plaintiff (appellant) to foreclose a statutory lien on real estate securing $367.35 alleged to be due him by defendant for materials furnished and labor performed in electrically wiring a dwelling house and installing fixtures therein. Plaintiff asked for attorney's fees.

The defendant admits that material was furnished and labor performed on which he had paid $1,200; that he was overcharged the sum of $264 for which he was entitled to credit on the amount sued for. Certain counter claims were pleaded but denied by the trial court.

The trial court's decision is as follows:

"Findings of Fact.

"(1) That in the month of November, 1947 there was an oral agreement entered into between the plaintiff and the defendant, wherein the plaintiff was to furnish and install all the electrical wiring in the home of the defendant, the plaintiff at that time being a duly licensed electrical contractor.

"(2) That the said oral agreement provided that the plaintiff would charge defendant for material used at the wholesale price plus freight and taxes thereon, and labor, at the customary price therefor.

"(3) That in the months of November and December, 1947 and part of January, 1948 the plaintiff and his employees were engaged in fulfilling said oral agreement by furnishing and installing electrical materials in the home of the defendant.

"(4) That the plaintiff charged the defendant $264.00 in excess of the agreed price for the said electrical materials installed by him in the defendant's home.

"(5) That the defendant is indebted to the plaintiff for the said materials and labor, a balance of $103.35

"Conclusions of Law.

"(1) That the said agreement entered into between the plaintiff and defendant was an oral contract and a continuing one until all the work was done.

"(2) That on account of the overcharge by plaintiff, aforesaid, the defendant is entitled to an offset of $264.00 and that there is now due and owing plaintiff the sum of $103.35, in addition to the Court costs and $100.00 for attorney's fees for his services in this cause.

"(3) That a decree may be prepared and entered in accordance with these findings and conclusions."

Thereupon the trial court entered judgment for plaintiff (after deducting the overcharge found) for $103.35 balance due on account, and $100 for attorney's fee; also for costs of court.

We find that appellant has failed to observe the rules of appellate procedure substantially as pointed out in Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228. See Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99. We will not state specifically these errors in procedure, but will notice only those alleged errors assigned which are properly before us.

It is asserted that Finding of Fact No. 1 is not supported by substantial evidence. The record discloses that it is supported substantially by the testimony of the defendant and the witness Joe Coe. The same objection is made to each of findings numbers 3, 4 and 5, which we find to be without merit. The findings of the trial court are the facts in this court unless annulled. In Re White's Estate, 41 N.M. 631, 73 P.2d 316, and no point is made justifying annulment.

Much is said by appellant regarding the nature of the contract; all of which is bottomed upon requested findings of fact refused by the court, or not included in his findings; and the action of the court thereon, if error, is not properly before us so that it may be considered by us. However, we have carefully examined the record and are of the opinion that the trial court did not err in its decision or judgment.

The court entered no decree of foreclosure, and this is assigned as error. When the trial court announced in substance what its decision would be, the defendant tendered into court the amount of the proposed judgment and costs, excepting the sum of $11.35 paid by plaintiff and not reported to the clerk for entry.

There was no occasion to foreclose the lien, as the amount of judgment and costs, as disclosed by the record, was deposited with the clerk, which plaintiff refused to accept.

The judgment of the district court will be affirmed upon condition that the amount of the judgment and costs is paid by defendant to plaintiff, or deposited with the clerk of the district court to his credit within ten days from this date; in which event the costs of this court will be charged to plaintiff. If the defendant does not make such payment within the time prescribed, then the cause will be remanded to the district court with instructions to foreclose the lien to secure funds to pay the judgment entered; in which event costs of this court shall be charged to defendant. The clerk of the district court shall certify to this court the payment or nonpayment of the judgment by defendant, as herein provided.

It is so ordered.

LUJAN, SADLER, McGHEE and COMPTON, JJ., concur.