390 P.2d 283

**H. E. REED, Plaintiff-Appellant,**

**v.**

**FISH ENGINEERING CORPORATION, Employer, and Continental Casualty Company, Insurer, Defendants-Appellees.**

**No. 7301.**

Supreme Court of New Mexico.

March 2, 1964.

Palmer & Frost, Farmington, for appellant.

Adams & Pongetti, Albuquerque, for appellees.

## OPINION ON MOTION FOR REHEARING

PER CURIAM:

Upon consideration of motion for rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor:

## OPINION

MOISE, Justice.

The record in this case presents a somewhat confused picture as to exactly what transpired in disposing of the issues presented by the pleadings.

On October 12, 1961, claimant filed a complaint seeking workmen's compensation benefits from his employer and his employer's insurer. This was followed by an amended complaint, the material allegations of which were to the effect that on July 26, 1959, claimant, a New Mexico resident, had been hired by the employer at Farmington, New Mexico, to work as a carpenter; that on July 29, 1959, claimant was injured in an accident arising out of and in the course of his employment as a carpenter when he fell through a roof and to a concrete floor on a job of employer at or near Aneth, Utah; that claimant had not been assigned or permanently transferred outside the state of New Mexico by employer; that claimant's earnings were in excess of $25.00 per day; that compensation was voluntarily paid to within one year of the date of filing the complaint; that as a result of the accident claimant incurred permanent and total disability and medical expenses.

Defendants filed an answer admitting the employment in the State of Utah, as well as the accidental injury at the time and place alleged by claimant, and that claimant was earning the amount claimed when injured, but denied all other allegations. They further alleged that they had never paid claimant any compensation under the New Mexico Workmen's Compensation Act; and that no suit had been filed within one year after refusal or failure to pay such compensation, and that the claim was barred

under § 59–10–13.6, N.M.S.A.1953; that claimant had made claim and had accepted compensation under the Utah Workmen's Compensation Act and was accordingly estopped to make such claim under the New Mexico act; that no contract of employment was entered into, nor was plaintiff injured in New Mexico.

Defendants also filed a motion for summary judgment asserting that no genuine issue of material fact was present, to which motion were attached certain affidavits. A number of counter affidavits also appear in the file. Counsel for defendants gave notice of hearing on their motion for March 14, 1962, at 2:00 P.M., and the court gave notice of "Pre-trial, and on defendants' affirmative defense of action being barred" for the same date, at 2:30 P.M. No order was ever entered reflecting any action at such hearings.

However, some discussion appears between court and counsel when the matter came on for trial, indicating an understanding that two issues were to be tried, viz., whether claimant was employed in New Mexico to do work outside the state, or whether he was employed in Utah; and secondly, whether claimant was entitled to medical expenses under New Mexico law. Evidence was introduced on these issues by both parties. Thereafter, the parties submitted their requested findings of fact and conclusions of law, and the court made find-

ings and conclusions. A judgment was entered in favor of defendant dismissing claimant's amended complaint. The judgment recites that the cause came on for trial "upon the issues remaining after the entry of a partial summary judgment previously filed herein, under which the court held that based upon the undisputed facts as shown by affidavits and counter-affidavits, plaintiff's claim for compensation under the New Mexico Workmen's Compensation Act is barred by the provisions of Section 59–10–13.6, 1953 N.M.S.A. and that the cause would proceed to trial upon the issues raised by the pleadings as to plaintiff's claim for medical expense only." Whereas it appeared at the outset of the trial that two issues remained, the judgment recites that the issue of medical expense was the only matter to be considered at the trial. Beyond this, the court made findings of fact, on all the issues, as follows:

"1. Plaintiff was first employed by Fish Engineering Corporation in the State of Utah in the year 1958. After working there for some time, he was transferred to New Mexico, where he continued to work for the defendant, Fish Engineering Corporation, at their Chaco plant in San Juan County. About a month prior to July 26, 1959, the plaintiff voluntarily quit this employment.

"On or about July 26, 1959, the plaintiff talked in Farmington, New Mexico,

with J. *B.* Davis, a carpenter foreman employed by Fish Engineering Corporation at its plant in Aneth, Utah, and was told by Mr. Davis that the work to be done at Aneth, Utah, would last for approximately six to eight months. There was no discussion about work at any other place for Fish Engineering Corporation, this being the only job and the only location mentioned to the plaintiff. Plaintiff was not hired, nor was he regularly employed in this State to do the work in which he was engaged at the time of the accident on July 29, 1959, upon which his claim is based.

"2. Plaintiff departed from the State of New Mexico shortly after July 26, 1959, and his departure from this State was caused by a permanent assignment.

"3. The said J. B. Davis had no authority to enter into any employment contract on behalf of Fish Engineering Corporation except at the job site in the State where the work was to be done, which in this case was at Aneth, Utah.

"4. While employed by defendant, Fish Engineering Corporation, at Aneth, Utah, on July 29, 1959, the plaintiff sustained an injury by accident arising out of and in the course of his employment as a carpenter, at which time his earnings were in excess of $25.00 per day.

"5. Subsequent to said injury, the plaintiff was paid by defendants and accepted certain benefits accruing to him under the Utah Compensation Act, but the defendants never paid plaintiff any installment of compensation as provided by the Workmen's Compensation Act of New Mexico.

"6. Plaintiff did not file a claim for compensation under the New Mexico Workmen's Compensation Act within one year after the failure or refusal of defendants to pay such compensation, the claim herein having been filed on October 12, 1961."

 No order of partial summary judgment was ever entered. As a matter of fact, we do not understand how any of the issues could have been disposed of by recourse to summary judgment. As we have said time and again, summary judgment should not be granted where disputed issues of material fact are present. Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Buffington v. Continental Casualty Co., 69 N.M. 365, 367 P.2d 539; Hewitt-Robins, Inc., Robins Conveyors Division v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795. In addition, all doubts as to the existence of an issue of fact are to be resolved against the one seeking summary judgment. McLain v. Haley, 53

N.M. 327, 207 P.2d 1013; Ballard v. Markey, 66 N.M. 265, 346 P.2d 1045; Hewitt-Robins, Inc., Robins Conveyors Division v. Lea County Sand & Gravel, Inc., supra.

Issues of fact as to the place of hiring and concerning whether compensation had been paid under the Utah or New Mexico law were present. That the same were not properly for resolution on summary judgment is made amply clear by our decision in Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57. Defendants point out that at the time Armijo was tried, questions of fact in workmen's compensation cases were triable to a jury, and that this is no longer true, and that in Armijo a fact question of late filing was also present. We do not think the cases are distinguishable on either basis. If there is a dispute in the facts to be submitted to a jury, there is present a sufficient issue of fact to require a determination by the court as trier of the facts where no jury is provided, and summary judgment would not be appropriate. This was clearly pointed out in Southern Union Gas Company v. Briner Rust Proofing Company, 65 N.M. 32, 331 P.2d 531, where we said, "In summary judgment proceedings the burden rests upon the movant to show there is no genuine issue or [sic] material fact to submit to a fact finder, be it a court or jury." Defendants assert that the court decided the fact issues and made findings of fact which have not been attacked by claimant and that any

error was thereby cured. It appears that the court concluded the claim was barred when it decided the motion for summary judgment. No evidence was offered or received on this issue at trial.

In conformity with the discussion between the court and counsel at the outset of the trial, this subject was not gone into. Accordingly, the question which we must determine is whether a material issue of fact was present concerning whether payments were made under Utah law, and if so did they effect a waiver or estoppel of claimant to any right to claim benefits under the New Mexico law? We are clear that an issue of fact was present, and that the affidavits before the court prior to trial could reasonably raise an inference which would have supported a finding that payments were not made or knowingly received under the Utah law so as to bar this action. Hewitt-Robins, Inc., Robins Conveyors Division v. Lea County Sand & Gravel, Inc., supra. Beyond this, we doubt if it makes any difference.

Although claimant had been paid $37.00 per week from the date of his injury up to and including June 2, 1960, and again from November 29, 1960 to August 7, 1961, and although a form described as a Notice to Applicant for Medical Advisory Board Examination was received from the Industrial Commission of Utah, claimant denies that he has completed or returned it, or that he had ever made a claim or an ap-

pearance before the Industrial Board of Utah.

The findings to the effect that claimant was paid and accepted benefits accruing to him under the Utah Compensation Act, together with the conclusion that the claim under the New Mexico Workmen's Compensation Act is barred under § 59–10–13.6, N.M.S.A.1953, are attacked under claimant's Point 1.

Franklin v. Livermore, 58 N.M. 349, 270 P.2d 983, is relied upon by claimant as supporting his position. An examination of that case demonstrates it decided only that the acceptance of benefits voluntarily paid under the Texas Workmen's Compensation Act would not result in a waiver of any rights to which claimant might be entitled under the New Mexico Compensation Act. Nothing was there presented or determined as to whether the payments under the law of another state could be considered as a failure or refusal by the employer and its insurer to pay claimant any installment of compensation to which he was entitled under the New Mexico Workmen's Compensation Act so as to bar a claim as filed too late under § 59–10–13.6, N.M.S.A.1953.

It was held in Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572, that § 57–914, N.M.S.A.1941 (now 59–10–14, N.M.S.A.1953) excused a workman from filing his claim within the one year provided by the statute where the delay in filing was occasioned "in whole or in part" by conduct of the employer or insurer. In that case the conduct relied on as an excuse by claimant were representations allegedly made by an insurance company adjuster. To like effect is Garcia v. New Mexico State Highway Department, 61 N.M. 156, 296 P.2d 759. There the trier of the facts found that payment of medical expenses and making offer of settlement which was refused, was not such conduct as could have reasonably misled claimant into a belief that compensation would be paid, and the court's action in dismissing the claim was affirmed. Compare Silva v. Sandia Corporation (C.C.A. 10, 1957) 246 F.2d 758, holding that the conduct which will have effect of tolling the time in which a claim must be filed under New Mexico law must be such as reasonably would lead claimant to believe that compensation would be paid.

We are satisfied that if the facts are as claimed by plaintiff, payments made and accepted could just as effectively lull claimant into a reasonable feeling of security as to his being entitled to compensation under New Mexico law as would continued voluntary payment of wages, and would accordingly be conduct excusing the filing of the claim within one year after the right to compensation arose. See Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273. This is in strict accord with § 59–10–14, N.M.S.A. 1953. On remand for the error in deciding

the issues on summary judgment, §§ 59–10–13.6 and 59–10–14, N.M.S.A.1953, should be applied as herein explained.

█ We pass claimant's Point 2, for the moment, and discuss Points 3 and 4 in which error by the court is asserted in application of § 59–10–33, N.M.S.A.1953, the material parts of which read as follows:

"If an employee who has been hired or is regularly employed in this state received personal injury by accident arising out of and in the course of such employment outside of this state, he, or his dependents in case of his injury or death, shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six (6) months after leaving this state, unless prior to the expiration of such six (6) months period the employer has filed with the state labor industrial commission of New Mexico notice that he has elected to extend such coverage a greater period of time.

"The provisions of this section shall not apply to an employee whose departure from this state is caused by a permanent assignment or transfer."

We direct the trial court's attention to our recent decision in Roan v. D. W. Falls, Inc., 72 N.M. 464, 384 P.2d 896, in which we interpreted this section of our statute. We are impressed that what was there said should be helpful in properly deciding the issues to be tried here.

Claimant's Point 2 asserts that depositions of certain witnesses were admitted in evidence although defendants had not complied with the proviso of § 59–10–13.9, N.M.S.A.1953, restricting discovery proceedings to cases where motion has been made therefor and the court has found after hearing "that good cause exists, that the evidence to be obtained will probably be material to the issues of the cause and the Court enters an order authorizing the same." It appears that defendants gave notice as provided by § 21–1–1(31), N.M.S.A.1953, but did not file any motion, present proof, or obtain an order authorizing the taking of the depositions.

We think the language of the statute is plain, unambiguous and does not require any interpretation. It reads:

"The rules of civil procedure for the district courts and the Supreme Court rules shall apply to all claims, actions, and appeals under the Workmen's Compensation Act [59–10–1 to 59–10–37] except where provisions of the Workmen's Compensation Act directly conflict with these rules, in which case the provisions of Workmen's Compensation Act shall govern. It is provided, however, that any interrogatories, discovery procedures and depositions authorized by the rules of civil procedure shall be had only after

motion of one of the parties therefor and the court having jurisdiction finds, after due hearing, that good cause exists, that the evidence to be obtained will probably be material to the issues of the cause and the court enters an order authorizing the same. The cost and expense of any interrogatory, discovery procedure or deposition ordered by the court shall be paid by the defendants in the claim or action and in no event shall any unsuccessful claimant be responsible for the cost or expense of any interrogatory, discovery procedure or deposition ordered by the court."

■■ Clearer language could not have been devised to state that discovery procedures authorized by the rules of civil procedure would not be applicable without the motion and order required by the statute. Although we might be disposed to give a liberal interpretation so that depositions taken after notice and without objection would be admissible, we are prevented from doing so by the specific direction of the legislature. It said discovery could be had "only" after motion and the making of certain findings after hearing, and the entry of an order. For us to conclude this was merely directory and not mandatory would do violence to and nullify the language used. Neither do we consider Rule 32(a) (§ 21-1-1(32) (a), N.M.S.A.1953) effective to avoid this result. It was error

for the court to admit the depositions. Compare, Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801.

■■ We take note of defendants' mention of the fact that the appeal was effected by motion, order of the court allowing appeal, and notice to this effect. As to all cases filed on and after March 15, 1961, Supreme Court Rule 5(5) (§ 21-2-1(5) (5), N.M.S.A.1953) provides that appeals "shall be taken by filing a notice of appeal" which notice "shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from." The instant case having been filed after March 15, 1961, the rule as set forth above applied. Accordingly, the motion for appeal and order allowing the same were ineffective to accomplish an appeal of the case. However, the notice filed and served within 30 days, while stating that an order had been entered allowing the appeal, nevertheless specified that plaintiff was the one taking the appeal, and that the judgment entered in the cause against the plaintiff was the judgment being appealed. There being but one plaintiff and one judgment, we find a sufficient compliance with the rule. This conclusion is in accord with rulings heretofore made without opinion in other cases where the same point has been raised.

■ Defendants also contend that the court should refuse to consider the argu-

ments of claimant because of failure to state points as required by Supreme Court Rule 15(14) (§ 21–2–1(15) (14), N.M.S.A. 1953) in that he merely discusses four separate points without stating at the outset of each point what is complained of therein. Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788; Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99; Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228, and Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713, are cited in support of their position. We do not think that what was said in any of these cases applies to the situation here. All of these cases were decided prior to April 15, 1956, when our present rule eliminating assignments of error was adopted. In addition, the factual situation in each was materially different from that here present. Immediately following the statement of facts claimant sets forth four separate claimed errors under a heading "Assignment of Error." He overlooks our rule that "Assignments of Error" have been eliminated and that "Points Relied on for Reversal" are to be stated and argued. Claimant argues the separate items which he has denominated "Assignment of Error" under separate divisions under a heading of "Arguments and Authorities." We think it would have facilitated consideration of the points if the pertinent one were repeated at the outset of the argument in that portion of the brief, and most attorneys follow this practice, even though nothing in the rules

specifically requires it. Nevertheless, there is present substantial compliance with Rule 15(14).

The judgment appealed from is reversed, and the cause remanded to the district court with instructions to reinstate the cause on the docket and grant a new trial.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.