624 P.2d 551

**Reyes SAENZ, Plaintiff-Appellant,**

v.

**McCORMICK CONSTRUCTION CO., INC., and the Home Insurance Co., Defendants-Appellees.**

**No. 4695.**

Court of Appeals of New Mexico.

Feb. 12, 1981.

Glenn B. Neumeyer, Las Cruces, Alejandro Duran, Jr., El Paso, Tex., for plaintiff-appellant.

J. Douglas Compton, Bivins, Weinbrenner, Regan, Richards & Paulowsky, Las Cruces, for defendants-appellees.

OPINION

HERNANDEZ, Chief Judge.

Plaintiff appeals the summary judgment which was granted in favor of defendants. We reverse.

Plaintiff, a Texas resident, was injured on May 10, 1978, while working for McCormick Construction Company. At the time of the accident, plaintiff was working on a temporary job in New Mexico. The company was given notice of plaintiff's injury, and plaintiff filed a notice of injury and claim for compensation with the Texas Industrial Accident Commission. The claim form requested that the Commission delay any further action until plaintiff asked it to proceed. No hearing was held and no award was made by the Commission. McCormick's insurer, the Home Insurance Company, paid plaintiff weekly compensation benefits through January 16, 1979. Plaintiff filed suit in New Mexico on January 14, 1980, within one year after defendants' voluntary payments had stopped.

The summary judgment was based upon § 52–1–65, N.M.S.A.1978, which provides that a claim must be filed within one year of the date of injury when the claimant has received benefits under the workmen's compensation law of another state. The filing requirement of § 52–1–65, like the filing requirement of § 52–1–31, is subject to the tolling provision of § 52–1–36:

> The failure of any person entitled to compensation under the Workmen's Compensation Act * * * to * * * file any claim * * * within the time fixed by the Workmen's Compensation Act shall not deprive such person of the right to compensation where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid.

Voluntary payments made and accepted "could just as effectively lull claimant into a reasonable feeling of security as to his being entitled to compensation under New Mexico law as would continued voluntary payment of wages, and would accordingly be conduct excusing the filing of the claim within one year after the right to compensation arose." *Reed v. Fish Engineering Corp.*, 74 N.M. 45, 390 P.2d 283 (1964). The evidence shows that plaintiff notified the company of his injury and was paid weekly compensation benefits through January 16, 1979. The payments were voluntary; plaintiff's notice and claim to the Texas Industrial Accident Commission requested that no further action be taken on his claim until he so requested. These payments were sufficient under § 52–1–36 and *Reed, supra*, to toll the filing requirements of § 52–1–65. Plaintiff's suit under New Mexico law was filed on January 14, 1980, and so was within one year of the date that voluntary payments ceased.

The judgment of the district court is reversed and the case is remanded for trial on the merits.

IT IS SO ORDERED.

ANDREWS, J., concurs.

LOPEZ, J., specially concurring.

LOPEZ, Judge (specially concurring).

In their Answer to Plaintiff's Complaint, the Defendants assert that the voluntary compensation benefits were paid under Texas law. To support this, they introduced an affidavit of the insurance claims adjustor at the Summary Judgment hearing. The insurance claims adjustor handles workmen's compensation claims for the Home Insurance Company in the region of El Paso and southern New Mexico. The affidavit asserts that the compensation and other benefits were paid Plaintiff under the Texas Workmen's Compensation Law. Until the prosecution of this suit, Plaintiff claims he was unaware that the benefits were paid pursuant to Texas rather than New Mexico law.

Unlike other conflicts problems, the question in workmen's compensation cases is not which law among the several possible states governs, but rather, is the workman entitled to compensation under the laws of the state where he is applying for it. *See,* 4 Larson's, Workmen's Compensation Law § 84 (1980). A transitory employee injured in New Mexico is eligible for compensation benefits under our Workmen's Compensation Act. §§ 52–1–65 and 66 N.M.S.A.1978; *Burns v. Transcon Lines,* 92 N.M. 791, 595 P.2d 761 (Ct.App.), cert. denied, 92 N.M. 675, 593 P.2d 1078 (1979). Plaintiff, a Texas resident injured in New Mexico while working here temporarily, is entitled to benefits under our Act, provided that all statutory requirements prerequisite to this entitlement have been met.

The New Mexico District Court found Plaintiff's suit barred by § 52–1–65, which provides that claims must be filed within one year of the date of injury when the claimant has received benefits under the workmen's compensation law of another state. The question is whether § 52–1–65 applies to voluntary payments. If it does apply, the time limit on filing a claim set out in that statute would bar Plaintiff's suit; if it does not apply, the general statute of limitations set out in § 52–1–31, N.M.S.A. would be used. Under the latter statute Plaintiff's claim would be timely.

The factor triggering the statute of limitations in § 52–1–65 is "[t]he payment or award of benefits under the workmen's compensation law of another state * * *." *Id.* How is this to be read?

In determining the meaning of a statute, the court should examine the legislative intent in enacting it, and consider the statute in relationship to the Workmen's Compensation Act as a whole. *Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 610 P.2d 1199 (1980). The act is to be liberally interpreted in favor of the workman; *Id.; Security Insurance Co. of Hartford v. Chapman,* 88 N.M. 292, 540 P.2d 222 (1975); *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975); but an unreasonable or strained construction is prohibited. *Anaya.*

Two other sections of the Workmen's Compensation Act are pertinent. Section 52–1–31, the general statute of limitations provides that the time for filing a claim is within one year of "the failure or refusal of the employer or insurer to pay compensation." Section 52–1–36 extends the statutory time for filing the suit when the insurer's conduct reasonably leads the claimant to believe that compensation will be paid. *Elsea v. Broome Furniture Co.,* 47 N.M. 356, 143 P.2d 572 (1943).

Section 52–1–36 has been interpreted to require that the voluntary payment of compensation benefits under the law of another state, when the workman does not know under which law he is being paid, excuses the workman from filing his claim within the statutory period of § 52–1–31. *Reed v. Fish Engineering Corp.,* 74 N.M. 45, 390 P.2d 283 (1964); *affd,* 76 N.M. 760, 418 P.2d 537 (1966). In an earlier case, *Franklin v. George P. Livermore, Inc.,* 58 N.M. 349, 270 P.2d 983 (1954), the Supreme Court decided that the acceptance of compensation benefits paid voluntarily by the employer's insurance company under the law of another state did not affect any of the rights of an employee to collect benefits in New Mexico.

Although both of these cases were decided before the passage of § 52–1–65, originally enacted as N.M.Laws 1973, ch. 227,

§ 1, I do not believe the statute was intended to overrule these cases. Rather, I believe it was intended to change the law suggested in *Chapman v. John St. John Drilling Co.*, 73 N.M. 261, 387 P.2d 462 (1963), that New Mexico courts could not hear the compensation claim of a worker, when a foreign state had made a final award of compensation benefits under its own law on a claim arising out of the same injury. Contrary to *Chapman*, the law generally in the United States is that successive awards can be made in different states, when the amount of the first award is deducted from the second. *See*, 4 Larson's, *supra*, § 85.00. Section 52–1–65 merely modernized New Mexico law by allowing successive awards in New Mexico. It limited successive awards, however, to those cases in which the claimant filed in New Mexico within one year after his injury. Of course, if no *award* has been made in the first state by a tribunal, any award made in New Mexico is not a "successive" award.

When an employer or its insurance company pays an injured workman compensation benefits voluntarily, there is no reason for the workman to go to a court or other appropriate tribunal to obtain compensation. It is irrelevant whether those benefits are paid pursuant to New Mexico or foreign law. In either case, it is not reasonable to expect the workman to seek the assistance of a tribunal to help him obtain the payments he is already receiving without litigation. Nor do I believe that the Legislature, by enacting § 52–1–65, intended to treat those employees working in the state with out-of-state employers differently from employees with in-state employers.

Section 52–1–65 was not intended to allow an insurance company to defeat the benevolent provisions of our Workman's Compensation Act by voluntarily paying compensation benefits to the workman until it was too late for him to file a claim. An interpretation of the statute which would allow the successful employment of such tactics would encourage the insurance company to pay the workman under the foreign law rather than our law, because only by paying under that law could it claim the benefits of § 52–1–65. The effect of the interpretation urged by the Defendants would be to allow insurance companies, in cases where a workman could obtain benefits under the law of another state as well as New Mexico, to bar the workman from obtaining the higher benefits he is entitled to under New Mexico law by voluntarily paying him the lower benefits required by the other state's law until the statute of limitations in § 52–1–65 had expired. Such an interpretation is not consonant with the general intent of the Workmen's Compensation Act, nor harmonious with §§ 52–1–31 and 52–1–36. In view of all these considerations, I believe that the phrase in § 52–1–65 "payment or award of benefits under the workmen's compensation law of another state" means payment pursuant to the award of a tribunal or court of another state.

Mr. Saenz' claim is not barred by this statute.