665 P.2d 277

**Roxie RYAN, Plaintiff-Appellant,**

v.

**BRUENGER M. TRUCKING, Employer, and the Travelers Insurance Companies, Insurer, Defendants-Appellees.**

**No. 5942.**

Court of Appeals of New Mexico.

April 5, 1983.

Certiorari Quashed June 20, 1983.

Victor Roybal, Jr., Roybal & Crollett, Albuquerque, for plaintiff-appellant.

Alice Tomlinson-Lorenz, Margo J. McCormick, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

Section 52–1–65, N.M.S.A.1978, provides that "payment or award of benefits under the workmen's compensation law of another state ... shall not be a bar to a claim for benefits under this [New Mexico] act; provided that claim under this act is filed within one year after such injury or death." It is undisputed that plaintiff was injured in New Mexico on February 21, 1979 and was paid benefits under the Kansas compensation law from February 22, 1979 through September 26, 1981. Plaintiff's complaint, seeking New Mexico compensation benefits, was filed November 30, 1981. The trial court granted defendants' motion for summary judgment. It ruled:

> Plaintiff is barred from proceeding under New Mexico law for payment of workmen's compensation benefits by reason of her failure to file for workmen's compensation benefits under New Mexico law within one year of the date of injury.

Plaintiff appeals. We reverse, discussing: (1) the relation of § 52–1–36, N.M.S.A.1978 to § 52–1–65; (2) a modification of the decision in *Saenz v. McCormick Const. Co.,*

*Inc.,* 95 N.M. 609, 624 P.2d 551 (Ct.App. 1981); (3) the applicability of the modification to this case; and (4) attorney fees.

*Relation of Section 52–1–36 to Section 52–1–65*

Section 52–1–36 provides that the failure of a person, entitled to compensation under the New Mexico Compensation Act, to timely file suit for New Mexico compensation "shall not deprive such person of the right to compensation where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid." *Owens v. Eddie Lu's Fine Apparel,* 95 N.M. 176, 619 P.2d 852 (Ct.App. 1980), held that § 52–1–36 tolls the running of the time for filing provision.

*Saenz* held: "The filing requirement of § 52–1–65 ... is subject to the tolling provision of § 52–1–36[.]" We agree with this part of the *Saenz* decision.

*Modification of Saenz*

When benefits have been paid under the compensation law of another state, tolling of the time to sue provision pursuant to § 52–1–36 depends upon whether the worker was reasonably led to believe that New Mexico compensation would be paid. *Reed v. Fish Engineering Corporation,* 74 N.M. 45, 390 P.2d 283 (1964), recognized this was a factual issue; a partial summary judgment on this issue was reversed and the matter remanded for trial. *Reed* stated:

> [I]f the facts are as claimed by plaintiff, payments made and accepted could just as effectively lull claimant into a reasonable feeling of security as to his being entitled to compensation under New Mexico law * * * and would accordingly be conduct excusing the filing of the claim within one year after the right to compensation arose. [Emphasis added.]

The matter emphasized in the quotation highlights the erroneous application of *Reed* in *Saenz.*

Both *Reed* and *Saenz* involved the voluntary payment of compensation pursuant to the law of another state. *Reed* held

that if the facts were as claimed by plaintiff, the voluntary compensation benefits could operate to toll the time to sue provision. We need not review the facts claimed by the plaintiff in *Reed;* they are stated in the second appeal of that case. *Reed v. Fish Engineering Corporation,* 76 N.M. 760, 418 P.2d 537 (1966). Our point is that the *Reed* cases *did not* hold that the voluntary payment of compensation benefits, standing alone, tolled a time to sue provision.

*Saenz* states: "These [voluntary] payments [of Texas compensation] were sufficient under § 52–1–36 and *Reed, supra* [74 N.M. 45, 390 P.2d 283] to toll the filing requirements of § 52–1–65." This statement, in *Saenz,* is incorrect. Whether a worker was "reasonably led" to believe that New Mexico compensation would be paid, *see* § 52–1–36, is a factual question and can be decided on summary judgment only when the material facts are not in dispute. *Compare Owens v. Eddie Lu's Fine Apparel.*

The *Saenz* holding that the voluntary payment of compensation benefits pursuant to the law of another state is, in itself, sufficient to toll the time provision of § 52–1–65 is no longer to be followed. To that extent, this opinion modifies *Saenz.*

*Applicability of the Saenz Modification to This Case*

■ Anticipating our holding, defendants assert that in the trial court plaintiff did not contend that there was an issue of fact concerning tolling that would defeat the motion for summary judgment. On this basis, defendants contend plaintiff cannot raise that issue in the appeal for the first time. *See* R.Civ.App.Proc. 11, N.M.S.A. 1978. We tend to agree. The only factual matter, as to tolling, in plaintiff's affidavit opposing summary judgment is her statement: "I was not aware of the state law by which compensation benefits were being paid." The argument of plaintiff's counsel in the trial court did not suggest there was a factual issue defeating summary judgment. This, however, is not dispositive in this case.

In the trial court, plaintiff relied on *Saenz* arguing, correctly, that *Saenz* held the "voluntary weekly payments to an individual injured in the course of his employment was sufficient to toll the filing requirements of" § 52–1–65 and that holding in *Saenz* made summary judgment improper.

At the time of the summary judgment hearing, *Saenz* was the applicable law. That law was called to the trial court's attention, however, the trial court did not apply it. Plaintiff is not to be penalized for failing to raise factual issues which were unnecessary under the applicable law. Although we have modified *Saenz* in this opinion, plaintiff is not to be deprived of the benefit of the law on which she relied. Our modification of *Saenz* does not apply to this case; the modification applies only to cases filed after this decision becomes final. *State v. Jones,* 44 N.M. 623, 107 P.2d 324 (1940). Because *Saenz* applies to this case, summary judgment was improperly granted and the time for filing issue is resolved in plaintiff's favor.

*Attorney Fees*

■ Plaintiff seeks an award of attorney fees for the services of her attorney in this appeal, contending that the reversal of the summary judgment is a "benefit" justifying a fee award. We disagree; as yet, plaintiff has recovered nothing. *Morgan v. Public Service Co. of New Mexico,* 98 N.M. 775, 652 P.2d 1226 (Ct.App.1982).

The summary judgment is reversed; the cause is remanded for further proceedings consistent with this opinion. This being a worker's appeal in a compensation case no appellate costs have been paid. Defendants are to pay the appellate costs. Defendants shall pay the applicable filing fee to the Clerk of the Court of Appeals. Defendants shall pay, to the Clerk of the District Court, the cost of reproducing the clerk's record and the $15.60 cost of the reporter's transcript. *Romero v. J.W. Jones Const. Co.,* 98 N.M. 658, 651 P.2d 1302 (Ct.App.1982).

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.