Edwin G. STOCKFORD, Jr.

v.

BATH IRON WORKS CORP., et al.

Supreme Judicial Court of Maine.

Argued March 7, 1984.

Decided Oct. 11, 1984.

844

McTeague, Higbee, Libner, Reitman & Priest, Jonathan Reitman (orally), Brunswick, for plaintiff.

Norman & Hanson, Stephen Hessert (orally), William O. LaCasse, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Edwin G. Stockford, Jr. petitioned for an award of compensation for an injury he incurred while employed by Bath Iron Works (BIW). The commissioner dismissed Stockford's petition because it was filed beyond the two-year period of limitation, 39 M.R.S.A. § 95 (Supp.1983).[1] The Appellate Division reversed that ruling on the ground that benefits paid to Stockford under the federal Longshoreman's and Harbor Worker's Compensation Act (Longshoreman's Act) tolled the running of the statute of limitations under the provisions of section 95. Upon BIW's appeal from the decision of the Appellate Division, we affirm.

The facts are undisputed. Stockford sustained an injury arising out of and in the course of his employment by BIW on December 14, 1977. As a result of that injury, Stockford received benefits voluntarily paid under the Longshoreman's Act for various periods ending February 16, 1979. On September 30, 1980, Stockford petitioned for an award of compensation under the Maine act based upon the 1977 injury. The Commissioner granted BIW's motion

---

1. 39 M.R.S.A. § 95 (Supp.1983) reads, in pertinent part,

Any employee's claim for compensation under this Act shall be barred unless ... a petition ... shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition ..., within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.

to dismiss on the ground that Stockford's claim was untimely.

We reject BIW's argument that the language "any payment ... for benefits otherwise required by this Act," permits tolling the statute only when payments are made pursuant to the Workers' Compensation Act (WCA). BIW contends that, prior to enacting the current statute, the Legislature changed the tolling provision from "any payment ... made on account of the injury" to the present form, thus evidencing its intent to limit the kind of payments which will operate to toll the statute to those made under the WCA. This reading of the statute is too narrow and unwarranted by any legislative history.

 Although we acknowledge that the Legislature intended to limit the kind of payments that would toll the statute, we hold that "benefits otherwise required by this Act" must include payments for benefits in the nature of workers' compensation that would be otherwise required under the WCA. *See, e.g., Kentucky West Virginia Gas Company v. Spurlock*, 415 S.W.2d 849 (Ky.1967); *Ryder v. Insurance Company of North America*, 282 So.2d 771 (La.App. 1973); *Brown v. F.W. Woolworth Co.*, 348 So.2d 236 (Miss.1977); *Saenz v. McCormick Construction Co., Inc.*, 95 N.M. 609, 624 P.2d 551 (1981). The Longshoreman's Act is a federal workers' compensation statute. Payments under the Longshoreman's Act serve the same purpose as those under the WCA and satisfy the compensation obligation of the WCA. The federal and state acts are concurrent remedies. *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980); *Murray v. City of Augusta*, 394 A.2d 1171 (Me.1978). Further, a double recovery can be avoided by crediting payments made under one system to the other. *Sun Ship*, 447 U.S. at 725 n. 8, 100 S.Ct. at 2439 n. 8, 65 L.Ed.2d at 466 n. 8. Thus, payments under the Longshoreman's Act are essentially equivalent to WCA payments and as such constitute "benefits otherwise re-

quired by this Act" and operate to toll the limitation period.

 In the case at bar, the two-year limitation period began after receipt of the last Longshoreman's payment in February, 1979. The petition filed September 1980 was, therefore, timely.

The entry is:

Judgment affirmed.

It is further ordered that employer pay to the employee an allowance for counsel fees in the amount of $550 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.