Donald MALONEY

v.

**BATH IRON WORKS CORP., et al.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1991.
Decided Jan. 29, 1992.

---

Edward G. Dardis, (orally), Howard & Bowie, Damaridscotta, for plaintiff.

Stephen W. Moriarty, (orally), Norman, Hanson & Detroy, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and COLLINS, JJ.

WATHEN, Justice.

Donald Maloney, an employee of Bath Iron Works Corp., appeals from a decision of the Appellate Division affirming the denial of his petitions for benefits by the Workers' Compensation Commission. The issue presented on appeal is whether a decree under the federal Longshore and Harbor Workers' Compensation Act affords the employee the benefit of the ten-year limitation period specified in 39 M.R.S.A. § 95 (Supp.1990). We conclude that the ten-year provision applies only if an agreement or petition has been filed under the Maine act. Thus we affirm the judgment of the Appellate Division.

The facts may be briefly summarized as follows: Between 1974 and 1978, Maloney sustained a series of work-related injuries to his right knee while employed by Bath Iron Works. In 1980, he filed a petition for an award under the Longshore and Harbor Workers' Compensation Act, and a decree awarding benefits was entered in 1981 and clarified in 1983. He received his last payment under the federal decree in 1984, and he received medical care for his knee at his employer's first aid department in 1988. Finally, in 1988 he filed petitions for benefits under the Maine act for the injuries occurring between 1974 and 1978. He now appeals from the ruling that those petitions are time-barred under section 95.

The statute of limitations for filing a petition for benefits under the Maine act provides as follows:

> Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.... No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act....

39 M.R.S.A. § 95. The statute imposes a two-year filing requirement, creates an ex-

ception to that requirement for cases involving voluntary payment, and limits the time to petition for further benefits to a ten-year period after the last payment is made pursuant to a petition or approved agreement under the act. Facially, the statute appears limited to benefits, payments, or decrees made under the Maine act. In *Stockford v. Bath Iron Works Corp.*, 482 A.2d 843 (Me.1984), however, we held that voluntary payments under the federal act were essentially equivalent to voluntary payments under the concurrent Maine act. Accordingly, such payments constituted the voluntary payment of "benefits otherwise required by this Act" and tolled the two-year period for filing "an agreement or a petition as provided in section 94" of the Maine act. Here we are not dealing with voluntary payments, and, even if we were, the passage of four years with no payments between 1984 and 1988 distinguishes this case from *Stockford*. The issue in the present case is whether the federal petition constitutes a petition "as provided in section 94," thereby satisfying the filing requirement and activating the ten-year limitation period that follows payments made pursuant to a petition or an approved agreement under the Maine act.

The employee, relying on *Stockford*, argues that the federal petition and decree are "equivalent" to a petition and decree under the Maine act, and therefore provide the employee with the benefit of the ten-year limitation. Both the Commission and the Appellate Division held that decrees under the two acts are not essentially equivalent because the applicable laws pertaining to the respective acts are substantially different; for example, under the federal act, there is a presumption of compensability, whereas under the Maine act, the employee must prove a compensable injury. We decline to accept the reasoning of the Commission, but we agree with the result.

Even if the federal decree is "essentially equivalent" to a Maine decree, the rationale of *Stockford* is confined to equating voluntary payments with the payment of benefits "otherwise required by this Act." The language of 39 M.R.S.A. § 95 unambig-

uously extends the benefit of the longer ten-year limitation period only to employees who have complied with the filing requirement by filing "an agreement or a petition as provided in section 94,"[1] and who have been determined to have a compensable injury under the Maine act. The federal petition is simply not a petition under section 94, and the ten-year limitation period has no application in the absence of a decree or an agreement determining compensability under the Maine act.

The entry is:

Decision of the Appellate Division affirmed.

All concurring.

---

1. 39 M.R.S.A. § 94 governs the content and filing of petitions or memoranda of agreement with the Commission.