This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BARRIE LEE DERRINGER,**

Petitioner-Appellee,

v.             **NO. 32,326**

**DAVID BRIAN DERRINGER,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Alain Jackson
Albuquerque, NM

for Appellee

David Brian Derringer
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Respondent, David Brian Derringer, appeals the memorandum order of the district court affirming the order of protection granted to Petitioner, Barrie Lee Derringer, because of domestic abuse. Respondent raises numerous issues on appeal, including an argument that his rights under the Second Amendment of the United States Constitution were violated. We affirm.

**BACKGROUND**

{2}     Petitioner filed a petition for an order of protection from Respondent, her husband at that time, alleging domestic abuse. A temporary order of protection was issued. Representing himself, Respondent opposed the petition. Respondent also filed two motions; he asked the court to be named legal guardian of Petitioner for a period of one year and to mandate mediation for the resolution of marital issues. After a hearing before a domestic violence special commissioner (special commissioner), Respondent's motions were denied and the temporary order of protection was replaced by a two-year order. Respondent filed objections to the special commissioner's rulings, filed a memorandum in support of those objections, and appealed the two-year order of protection to district court. Respondent also filed numerous motions. These included, for example, a "Motion for Order for Arrest and Prosecution Against [Petitioner] and [her attorney] Alain Jackson for Criminal Perjury and Fraud to United States Court of Law, with Directive to the FBI for Investigation for 'Obstruction of

2

Justice', and Notice of Damages to Respondent's Personal Property." After a hearing, the district court denied Respondent's motions and, in a written memorandum order, affirmed the order of protection. The district court found that the findings and recommendations of the special commissioner were in accordance with the law and supported by substantial evidence in the record. Respondent appeals the memorandum order of the district court.

**SECOND AMENDMENT CHALLENGE**

{3}     The Second Amendment of the United States Constitution provides that "the right of the people to keep and bear Arms, shall not be infringed." In accordance with 18 U.S.C. § 922(g)(8) (2012), which is referenced on the order of protection, Respondent was barred from possessing firearms or ammunition while the order of protection remained in effect. *See* 18 U.S.C. § 922(g)(8)(B) (providing that any person subject to a court order preventing "such person from harassing, stalking, or threatening an intimate partner" cannot possess a firearm or ammunition). Respondent contends that the order of protection violated his Second Amendment right. After a careful review of the record, including the recording of the hearing before the special commissioner, the objections filed by Respondent to the recommendations of the special commissioner, Respondent's memorandum in support of his objections, and the recording of the hearing before the district court, we observe

3

that Respondent did not raise this issue prior to his appeal to this Court. We therefore hold that Defendant did not preserve his Second Amendment challenge and do not consider his argument on this point. *See Woolwine v. Furr's Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("Where the record fails to indicate that an argument was presented to the court below, unless it is jurisdictional in nature, it will not be considered on appeal.").

**SUFFICIENCY OF SERVICE OF PROCESS**

{4}     Respondent contends that he was not served with notice of the February 21, 2012 hearing before the special commissioner and argues, therefore, that the resulting order of protection should be vacated. The record contains a sheriff's return of service indicating that Respondent refused to meet to be served. Effecting service on Respondent without his cooperation was complicated because he did not work regularly and lived in a trailer on a mesa without a street address. In any case, Respondent filed a twenty-three page response to the petition for a protective order, filed two additional motions, filed two requests for a hearing on the motion, and participated in the eventual hearing, even bringing a potential witness. We decline to vacate the order of protection because of failure of service.

**PERJURY AND FRAUD BY PETITIONER AND HER ATTORNEY**

4

{5}     Respondent contends that the special commissioner had proof that Petitioner lied to the district court but chose to ignore the perjury and therefore the order of protection should be dismissed. Respondent claims that Petitioner lied when she stated that she was afraid of Respondent and that her attorney was complicit in the perjury and fraud. Respondent supports this claim by pointing out that Petitioner met with him several times, alone and in the dark, even after their separation. Respondent asks us to reweigh the evidence and that we will not do. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("[W]e will not reweigh the evidence nor substitute our judgment for that of the fact finder."). The special commissioner was in the better position to determine whether Petitioner was, in fact, fearful of Respondent when Petitioner filed for the order of protection and at the hearing.

**BIAS AND PREJUDICE AGAINST RESPONDENT BY THE SPECIAL COMMISSIONER**

{6}     Respondent contends that the special commissioner was "clearly a 'woman' commissioner upholding the 'changing of mind' of a confused Petitioner . . . in order to allow a 'woman' to get rid of a husband at any time she chose." Respondent further contends that he was intimidated by the special commissioner as a party and a witness. In support of these contentions, Respondent states that: (1) his proffered witness, Bruce Davis, was prevented from testifying by the special commissioner; (2)

5

Respondent was improperly prevented from cross-examining Petitioner; (3) the special commissioner improperly "looked up and considered" a civil case recently filed by Respondent; and (4) Respondent's exhibits were improperly denied. We examine Respondent's four statements in turn.

{7}     First, the special commissioner did not prevent Bruce Davis from testifying. Instead, the special commissioner told Respondent that Davis could not testify before the lunch break because the incident about which Davis was to testify had not yet been covered by Respondent. She stated that Davis could testify in the afternoon and, if he had to leave, could testify by telephone. Second, the special commissioner stated that the court does not permit cross-examination "of pro se plaintiffs in most situations" and that given the motions filed by Respondent the special commissioner had "severe concerns" about the content of the cross-examination. Respondent cites no authority indicating that the special commissioner's ruling on this point was improper, therefore we assume none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party fails to cite authority for an argument, we may assume none exists). Third, the special commissioner explained at the hearing that the civil action recently filed by Respondent was potentially relevant because there was an issue raised whether Respondent was harassing Petitioner by suing her employers and other members of her support system. Fourth, Respondent

does not state what exhibits were rejected or cite to the record. At the hearing, it does not appear that the special commissioner rejected Respondent's exhibits. Although she prevented him at least once from reading through emails during his testimony, the special commissioner did, in fact, admit the emails. Having examined the record thoroughly, we hold that Respondent's contention that the order of protection should be overturned because of bias and prejudice on the part of the special commissioner is without support.

**VIOLATIONS OF 42 U.S.C. § 1981 (2012) and 42 U.S.C. § 1982 (2012)**

{8}    Respondent contends that the special commissioner was "acting in sexual harassment of [Respondent] as a 'man' to gain the advantage of a 'woman' as Petitioner" by allowing Petitioner to remove her belongings from the storage warehouse shared by Petitioner and Respondent without Respondent being present. The parties were soon going to lose the lease on the storage warehouse and therefore were required to remove their property or risk losing it. The special commissioner ordered that Petitioner be allowed to remove her property and catalogue any property she removed. Anything left behind was to be considered the property of Respondent. Respondent argues that the order of the special commissioner that allowed Petitioner to remove her sole and separate property violated his rights under 42 U.S.C. § 1981 and 42 U.S.C. § 1982. Both sections are longstanding statutes first enacted after the

7

Civil War intended primarily to prevent racial discrimination in contractual and property rights, respectively. *See Johnson v. Ry. Express Agency Inc.*, 421 U.S. 454, 459 (1975) (stating that 42 U.S.C. § 1981 was the codification of a section of the Civil Rights Act of 1870 and that it primarily protects against racial discrimination in the making and enforcement of contracts); *see Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 422-423 (1968) (stating that 42 U.S.C. § 1982 was originally part of the Civil Rights Act of 1866 and guaranteed all citizens the property rights "enjoyed by white citizens"). Respondent's arguments are undeveloped, and, after a careful review of the record, we do not see that the special commissioner's actions or order violated 42 U.S.C. § 1981 or 42 U.S.C. § 1982.

**CONCLUSION**

{9}     For the foregoing reasons, we affirm the judgment of the district court.

{10}     **IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**