This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                    **NO. 35,248**

**LORI LOCKWOOD,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
D. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals her conviction for trafficking methamphetamine (by possession with intent to distribute). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. We deny the motion to amend for the reasons set forth below. We affirm.

**MOTION TO AMEND**

{2}     Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 1] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant claims that it was plain error for the district court to admit evidence seized at the residence. [MIO 7-8] The doctrine of plain error, arising from our Rules of Evidence, applies specifically to evidentiary matters and permits a court to "take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved." Rule 11-103(E) NMRA.

**{4}** Defendant's specific claim is that there were discrepancies in the chain of custody of the crystal substance found at the residence and in the amount that was seized. [MIO 3-4, 8] Defendant's argument on both grounds appears to rely on alleged differences in the number of baggies as described by the officers who conducted the search and the forensic scientist who tested some of them. [DS 5] Any conflicts in the testimony was a matter for the jury to resolve. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. To the extent that Defendant's chain of custody claim may have had merit, the failure to raise the objection prevented the State the opportunity to place additional information in the record that may have clarified the matter, thus depriving this Court of a record to review. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). We therefore conclude that Defendant's motion to amend is not viable.

**CONFIDENTIAL INFORMANT**

{5}     Defendant continues to challenges the district court's denial of her motion to disclose the identity of the confidential informant. [MIO 4] Specifically, she claims that the ruling was rendered late, prejudicing her ability to formulate a new defense strategy. We believe that any prejudice here is too speculative, not of record, and that defense counsel should have known that the motion would be denied. The charges in this case were not predicated on Defendant's acts of selling drugs to the informant; instead Defendant was only charged with acts that were based on evidence found as a consequence of a police search. Under such circumstances, we have held that a district court does not abuse its discretion in denying a motion to disclose the informant's identity. *See State v. Chandler*, 1995-NMCA-033, ¶¶ 19-25, 119 N.M. 727, 895 P.2d 249 (affirming the district court's decision not to hold an in camera hearing regarding the identity of a confidential informant where the district court concluded that the identity of the informant was not relevant because the defendant was not charged with a crime based upon the transaction witnessed by the informant, but rather on evidence found during the execution of a search warrant). To the extent that Defendant is arguing that the CI would have testified that he/she, and not Defendant, was the individual who was dealing drugs out of the house [MIO 5], Defendant's assertion implies that the CI was already known to Defendant; in any event, it is too speculative to assume that the CI would have waived their right against self-incrimination.

**INEFFECTIVE ASSISTANCE**

4

**{6}** Defendant does not provide any new argument with respect to this issue. We therefore rely on our analysis set forth in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**PROSECUTOR'S COMMENTS**

**{7}** Defendant continues to claim that the prosecutor impermissibly commented on matters outside the evidence during closing argument. [MIO 9] Specifically, the prosecutor questioned why Defendant did not call as a witness one of the individuals who was in the house at the time of the search. [DS 5] It was permissible for the prosecutor to comment on this individual's absence from trial. *See State v. Gonzales*, 1991-NMSC-075, ¶ 20, 112 N.M. 544, 817 P.2d 1186 (stating that "[c]omment during closing argument concerning the failure to call a witness is permitted"). We also note that, to the extent that the comments could be construed to shift the burden of proof, the judge here admonished the prosecutor about burden shifting. [DS 5] To the extent that Defendant's memorandum challenges the holding of *Gonzales*, this Court is bound by that precedent. *See State v. Cordova*, 1999-NMCA-144, ¶ 30, 128 N.M. 390, 993 P.2d 104 ("It is well-established that this Court is without authority to reverse or revise court rules that have been previously interpreted by our Supreme Court.").

**CUMULATIVE ERROR**

**{8}** Defendant continues to argue that the cumulative error in this case amounted to a violation of due process. [MIO 11] Because we conclude that there was no error,

we hold that there was no cumulative error. *See State v. Bent*, 2013-NMCA-108, ¶ 37, 328 P.3d 677 (stating that "[w]hen there is no error, there is no cumulative error" (internal quotation marks and citation omitted)).

**{9}** For the reasons set forth above, we affirm.

**{10}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**